UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVANS L MADISON SR,

Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

Defendant.

CASE NO. 2:16-CV-01839-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Evans L. Madison, Sr. filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 8.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to properly consider the medical opinion evidence of treating physician Dr. Timothy Joos, M.D. Had the ALJ properly considered Dr. Joos' opinion, the residual functional capacity ("RFC") may have included additional limitations. Therefore, the ALJ's error is harmful and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

| | |
|---|---|
| 1 | FACTUAL AND PROCEDURAL HISTORY |
| 2 | On October 7, 2013, Plaintiff filed an application for SSI, alleging disability as of |
| 3 | October 1, 2013. *See* Dkt. 11, Administrative Record ("AR") 20. The application was denied |
| 4 | upon initial administrative review and on reconsideration. *See* AR 20. A hearing was held before |
| 5 | ALJ Timothy Mangrum on February 26, 2015. *See* AR 38-61. In a decision dated April 28, 2015, |
| 6 | the ALJ determined Plaintiff to be not disabled. AR 20-32. Plaintiff's request for review of the |
| 7 | ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision |
| 8 | of the Commissioner. *See* AR 1-6, 20 C.F.R. § 404.981, § 416.1481. |
| 9 | In the Opening Brief, Plaintiff maintains the ALJ failed to: (1) provide legally sufficient |
| 10 | reasons for rejecting the opinion of treating physician Dr. Timothy Joos, M.D.; (2) provide |
| 11 | specific, clear, and convincing reasons for finding Plaintiff's subjective testimony not entirely |
| 12 | credible; (3) properly consider the limitation that Plaintiff would be off-task 10% of the time; |
| 13 | and (4) properly find Plaintiff not disabled at Step Five of the sequential evaluation process. Dkt. |
| 14 | 13, p. 1. |
| 15 | STANDARD OF REVIEW |
| 16 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 17 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 18 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 19 | Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 20 | DISCUSSION |
| 21 | **I.  Whether the ALJ properly weighed the medical opinion evidence.** |
| 22 | Plaintiff alleges the ALJ failed to provide legally sufficient reasons for giving very little |
| 23 | weight to the June 2014 opinion of treating physician Dr. Timothy Joos. Dkt. 13, pp. 4-6. Dr. |
| 24 | |

Joos also completed a Functional Assessment of Plaintiff in March of 2013 and wrote a letter outlining Plaintiff's medical problems on September 18, 2014. AR 422-23, 550. Plaintiff does not challenge the ALJ's decision to give limited weight to the March 2013 and September 2014 opinions. *See* Dkt. 13.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Joos completed a Physical Functional Evaluation of Plaintiff on June 12, 2014. AR 579-81. Dr. Joos stated Plaintiff suffered from left leg weakness, left foot drop, seizure disorder, Raynaud's phenomenon, and pain in his left hip and leg. AR 579. He opined Plaintiff's handling and reaching is severely limited and Plaintiff must avoid exposing his hands to cold temperatures due to Raynaud's phenomenon. AR 580. Dr. Joos also found Plaintiff is severely limited in his ability to stand, walk, lift, carry, push, pull, and stoop because of his seizure disorder and left leg and foot weakness. AR 580. He opined Plaintiff is unable to meet the demands of sedentary work. AR 581.

The ALJ discussed Dr. Joos' March 2013 and September 2014 opinions, explaining the weight given to these two opinions. AR 29. Then, in considering Dr. Joos' June 2014 opinion, the ALJ stated in full:

> Very little weight is given to the check-box statement dated June 2014 that the claimant is disabled for these same reasons. Although alcoholism and cocaine use are noted in the record, Dr. Joos does not recommend alcohol or drug treatment. Dr. Joos' opinion that the claimant is disabled is also speculative, because he states that the claimant needs to complete physical therapy, and that x-rays of the lumbar spine and left hip were needed. As discussed, these imaging studies were complete in July 2014, and showed only mild degenerative changes with the left hip.

AR 29 (internal citations omitted).

Initially, the Court finds the ALJ has not clearly articulated what "reasons" he is referring to when he states very little weight is given to the statement that Plaintiff is disabled "for these same reasons." *See* AR 29. For example, it is unclear if the ALJ is rejecting the June 2014 opinion for the reasons the ALJ provided for rejecting Dr. Joos' March 2013 and September 2014 opinions or if the ALJ is simply stating he is rejecting Dr. Joos' June 2014 opinion which finds Plaintiff disabled as a result of the same conditions outlined in the March 2013 and September 2014 opinions. *See* AR 29. As the ALJ failed to clearly articulate why he is giving very little weight to Dr. Joos' June 2014 opinion, the Court cannot meaningful determine if the ALJ provided specific and legitimate reasons for rejecting the opinion. Accordingly, the ALJ erred. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to h[is] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Even if the Court considers all the reasons identified by the ALJ for rejecting Dr. Joos' three opinions, the ALJ has failed to provide specific, legitimate reasons supported by substantial evidence for giving very little weight to Dr. Joos' June 2014 opinion. The ALJ rejected Dr. Joos' March 2013 opinion because (1) the opinion was a check-box form and Dr. Joos did not provide a narrative explanation linking his opinion to the medical records. *See* AR 29. The ALJ gave no weight to Dr. Joos' September 2014 opinion because (2) Dr. Joos listed medical conditions without providing an RFC assessment supported by persuasive medical findings and (3) did not adequately explain why Plaintiff's medication and physical therapy were medically necessary. *See* AR 29. The ALJ also noted (4) Dr. Joos did not recommend alcohol and drug treatment in the June 2014 opinion despite Plaintiff's alcoholism and cocaine use and (5) the June 2014 opinion was speculative. *See* AR 29.

First, the ALJ gave very little weight to Dr. Joos' March 2013 opinion because it was a check-box form and Dr. Joos did not provide a narrative explaining the link between his opinion and the treatment notes. AR 29. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (*quoting Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). However, a treating physician's check-box form cannot be rejected if the opinion is supported by treatment notes. *Esparze v. Colvin*, 631 Fed. App'x 460, 462 (9th Cir. 2015).

Dr. Joos' June 2014 opinion is not a "check-off" report. *See* AR 579-81. In the opinion, Dr. Joos detailed Plaintiff's symptoms and diagnoses, noted Plaintiff's limitations as caused by each diagnosed condition, and referenced attached medical opinions. *See* AR 579-80. Further, even if the opinion is considered a check-box form, Dr. Joos, who is Plaintiff's treating physician, attached approximately 20 pages of treatment notes and objective test results to his opinion which support

his findings. *See* AR 579-608; 584 (during examinations Plaintiff's left hip was tender to internal and external rotation and his left leg was week to dorsiflexion); 585 (x-rays showed femoral acetabular impingement); 587 (follow-up for Raynaud's showed joint pain, joint stiffness, joint swelling, and fullness at fingers). The record also contains approximately 150 pages of treatment notes from Dr. Joos' medical office. *See* AR 345-71, 402-04, 422-63, 511-21, 537-75, 579-608.

Dr. Joos' June 2014 opinion was not merely a check-box form. Even if the opinion was a check-box form, Dr. Joos has a significant treating relationship with Plaintiff and provided extensive records to support his opinion. Therefore, the ALJ's reason for discounting Dr. Joos' March 2013 opinion is not legitimate reason for discounting the June 2014 opinion. *See Garrison*, 759 F.3d at 1013-14 & n.17 (holding the ALJ erred by failing to recognize the opinions expressed in a treating physician's check-box form were based on significant experience with the claimant and supported by numerous records and therefore entitled to more weight than an otherwise unsupported and unexplained check-box form).

Second, the ALJ gave no weight to Dr. Joos' September 2014 opinion because the opinion listed medical conditions without providing an RFC assessment supported by persuasive medical findings. AR 29. Dr. Joos' June 2014 opinion included an RFC assessment, unlike the September 2014 opinion. *See* AR 550, 579-81. Further, the June 2014 opinion included Dr. Joos' treatment notes and diagnostic testing which support the opinion. *See* AR 582-603. Therefore, the ALJ's finding that the opinions did not contain an RFC assessment supported by persuasive medical findings is not a specific and legitimate reason supported by substantial evidence for giving very little weight to the June 2014 opinion.

Third, the ALJ gave no weight to Dr. Joos' September 2014 opinion because Dr. Joos did not explain how Plaintiff's medication and physical therapy are medically necessary or link the

opinion to the treatment notes. AR 29. In the June 2014 opinion, Dr. Joos outlined Plaintiff's medical conditions, including left leg weakness, left foot drop, seizures, Raynaud's phenomenon, and pain in left hip/leg. *See* AR 579. He noted Plaintiff should continue physical therapy. AR 581. In the treatment notes attached to the June 2014 opinion, Dr. Joos noted Plaintiff suffers from chronic left foot weakness and he wears a brace as a result of a previous traumatic brain injury. AR 582. Dr. Joos ordered continued physical therapy for the condition. *See* AR 582. Dr. Joos also noted Plaintiff suffers from cold, painful hands as a result of his Raynaud's phenomenon, but it improves with medication. AR 582. As Dr. Joos treatment notes support his June 2014 opinion, the ALJ's finding that Dr. Joos did not explain how Plaintiff's medication and physical therapy are medically necessary or link the opinion to the treatment notes is not a specific, legitimate reason for giving very little weight to the June 2014 opinion.

Fourth, the ALJ gave very little weight to Dr. Joos' June 2014 opinion because Dr. Joos did not recommend Plaintiff receive drug and alcohol treatment. AR 29. Dr. Joos found Plaintiff's limitations were not the result of alcohol or drug use within the past 60 days and did not recommend alcohol or drug treatment. AR 581. The ALJ does not adequately explain why Dr. Joos' decision to not recommend alcohol or drug treatment warrants giving his opinion less weight. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Further, the ALJ found substance abuse is not material to determining if Plaintiff's limitations are disabling. AR 28. As Dr. Joos found Plaintiff's limitations were not impacted by his substance abuse and as Plaintiff's substance abuse is not material to this case, the Court finds this is not a legitimate reason for giving very little weight to Dr. Joos' June 2014 opinion.

Fifth, the ALJ rejected Dr. Joos' June 2014 opinion because he found the opinion was speculative due to Dr. Joos' statements that Plaintiff needed physical therapy and x-rays. AR 29. In the June 2014 opinion, under "Plan," Dr. Joos was asked to list any additional tests or consultations needed. AR 581. Dr. Joos stated Plaintiff needed continued physical therapy and x-rays of the lumbar spine and left hip. AR 581. The ALJ fails to explain why Dr. Joos' opinion is speculative merely because he stated additional x-rays and continued physical therapy are needed. *See* AR 29; *Embrey*, 849 F.2d at 421-22. Further, there is no indication Dr. Joos' opinion of Plaintiff's limitations would change based on additional physical therapy and x-rays. *See* AR 581. Dr. Joos supported his opinion of Plaintiff's limitations with his treatment notes and diagnostic tests. *See* AR 579-80. For example, during an examination of Plaintiff, Dr. Joos noted Plaintiff's left hip was tender to internal and external rotation and his left leg was week to dorsiflexion, and x-rays in June of 2014 showed findings consistent with femoral acetabular impingement. AR 584-85. Therefore, the ALJ's finding that Dr. Joos' June 2014 opinion is speculative is not a specific, legitimate reason for giving very little weight to the opinion.

In conclusion, the ALJ failed to clearly articulate his reasons for giving very little weight to Dr. Joos' June 2014 opinion. Regardless, the Court considered all reasons provided by the ALJ for discounting Dr. Joos' three opinions and finds the ALJ did not provide specific, legitimate reasons supported by substantial evidence for giving very little weight to Dr. Joos' June 2014 opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ included all of Dr. Joos' limitations in the RFC, Plaintiff would likely have been found disabled. For example, the ALJ found Plaintiff could perform light work with limitations. *See* AR 26. Dr. Joos found Plaintiff was unable to meet the demands of sedentary work, which would render him disabled. Additionally, Dr. Joos found Plaintiff was severally limited in several postural areas, such as standing, walking, lifting, carrying, handling, pulling, reaching, and stooping. If all the limitations opined to by Dr. Joos were included in the RFC and in the hypothetical questions posed to the vocational expert, Anne Jones, the ultimate disability determination may have changed. Accordingly, ALJ's error is not harmless and requires reversal.

**II.     Whether the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not entirely credible.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations. Dkt. 13, pp. 6-8. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical opinion evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's subjective testimony on remand.

The Court also notes, on March 16, 2016, the Social Security Administration changed the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016). The term "credibility" will no longer be used. *Id*. Further, symptom evaluation is no

longer an examination of a claimant's character; "adjudicators will not assess an individual's overall character or truthfulness." *Id*. The ALJ's decision, dated April 28, 2015, was issued approximately one year before SSR 16-3p became effective. Therefore, the ALJ did not err by failing to apply SSR 16-3p. However, portions of his decision finding Plaintiff not entirely credible do not comply with the new SSR. For example, the ALJ found Plaintiff not entirely credible, in part, because, on one occasion, he was not honest about his drug use. *See* AR 28. This is an assessment of Plaintiff's overall truthfulness on a matter unrelated to his disability and is improper under SSR 16-3p. On remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective symptom testimony.

### III. Whether the ALJ properly considered Plaintiff's limitation of being off-task 10% of the time.

Plaintiff asserts the ALJ erred when he failed to properly account for Plaintiff's limitation in his ability to remain on-task in the hypothetical question posed to the vocational expert ("VE"). Dkt. 13, p. 6. In the RFC, the ALJ found Plaintiff "will be off-task and non-productive for up to 10% of the workday." AR 26. In the hypothetical question posed to the VE, the ALJ asked if a person who was off-task and non-productive for up to 10% of the workday would be able to perform the jobs of cashier II and inspector/hand packager. AR 57-58. The VE testified a person who is off-task 10% of the day would be able to perform the identified jobs. AR 58. The VE explained an average worker is off-task 9% of the day, so a rate of 10% would be average for all workers. AR 58.

Plaintiff contends the ALJ erred by not finding Plaintiff would be off-task and non-productive 10% more than the average worker, or 20% of the time. *See* Dkt. 13, p. 6; Dkt. 18, pp. 3-4. The ALJ found Plaintiff will be off-task and non-productive for up to 10% of the workday. *See* AR 26, 28-29. The ALJ did not find Plaintiff will be off-task and non-productive during the

1 workday at a rate of 10% more than the average worker. Further, Plaintiff does not provide any
2 evidence showing the ALJ intended to find Plaintiff would be off-task 10% more than the
3 average worker. As the ALJ's decision clearly states he found Plaintiff would be off-task and
4 non-productive for up to 10% of the workday and the hypothetical question included this
5 limitation, Plaintiff has not shown the ALJ erred.

**IV. Whether the ALJ erred in finding Plaintiff not disabled at Step 5.**

Plaintiff contends the ALJ erred in finding him not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions did not contain all Plaintiff's functional limitations. Dkt. 13, p. 8. The Court concludes the ALJ committed harmful error when he failed to properly consider Dr. Joos' opinion. *See* Section I, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

**V. Whether the case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 13, p. 9. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision,

"the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical opinion evidence, Plaintiff's symptom testimony, and the RFC and the Court finds issues remain which must be resolved concerning Plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 2nd day of May, 2017.

David W. Christel
United States Magistrate Judge