1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

EVANS L MADISON SR,

CASE NO. 2:16-CV-01839-DWC

9

Plaintiff,

10

v.

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO
42 U.S.C. § 406(b)

11

NANCY A BERRYHILL, Deputy
Commissioner of Social Security for
Operations,

12

13

Defendant.

14       Presently before the Court is Plaintiff Evans L. Madison, Sr.'s Motion for Attorney's

15 Fees Pursuant to 42 U.S.C. § 406(b). Dkt. 23. Pursuant to 28 U.S.C. § 636(c), Federal Rule of

16 Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard

17 by the undersigned Magistrate Judge. *See* Dkt. 8.

18       Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who

19 represented a Social Security Title II claimant before the Court and obtained a favorable

20 judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See*

21 *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court

22 will look first to such agreement and will conduct an independent review to assure the

23 reasonableness of the fee requested, taking into consideration the character of the representation

24 and results achieved. *See Grisbrecht*, 535 U.S. at 807, 808. Although the fee agreement is the

1   primary means for determining the fee, the Court may reduce the fee for substandard

2   representation, delay by the attorney, or because a windfall would result from the requested fee.

3   *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at

4   808).

5          Here, Plaintiff signed a contingency fee agreement agreeing to pay her attorney a fee

6   equal to 25% of the her past-due benefits. *See* Dkt. 23-4. The representation was not substandard

7   and the results achieved were excellent. *See* Dkts. 19, 23-3; *Grisbrecht*, 535 U.S. at 808. This

8   Court reversed and remanded this matter to the Administration for further proceedings and,

9   following remand and a second hearing, Plaintiff was awarded benefits. *See* Dkts. 19, 23-2, 23-3.

10  There is no evidence of an excessive delay by the attorney or that a windfall will result from the

11  requested fee. Further, Defendant does not object to the requested fee. Dkt. 24.

12         Plaintiff moves for attorney's fees in the amount of $9,621.00, which is less than 25% of

13  Plaintiff's total past-due benefits. *See* Dkts. 23, 23-3. Previously, Plaintiff was awarded an

14  attorney fee of $6,146.49 under the Equal Access to Justice Act ("EAJA"). *See* Dkt. 22.

15  Therefore, Plaintiff is moving for a net attorney's fee award of $3,474.51. Based on Plaintiff's

16  Motion and supporting documents (Dkts. 23, 23-2 – 23-6), and Defendant does not object to the

17  requested fee (Dkt. 24), the Court orders attorney's fees in the amount of $3,474.51, minus any

18  applicable processing fees as allowed by statute, be awarded to Plaintiff's attorney pursuant to 42

19  U.S.C. § 406(b).  After paying the attorney's fee, the Social Security Administration shall release

20  all remaining funds directly to Plaintiff.

21         Dated this 6th day of June, 2018.

22

23  _____
    David W. Christel
    United States Magistrate Judge
24